# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00024-020 |
| v. | ) **OPINION AND ORDER** |
| SEAN PHILLIP STATZER, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Sean Phillip Statzer, Pro Se Movant.*

The defendant, previously sentenced by this court, has filed a pro se motion entitled "Motion for Reconsideration." The defendant was sentenced by judgment entered February 27, 2009, to 120 months of imprisonment, a statutory mandatory minimum sentence for his conviction for conspiring to distribute crack cocaine. The court directed that his term of imprisonment run concurrently with terms of imprisonment previously imposed in Sullivan County, Tennessee, and the City of Bristol, Virginia, for convictions that involved relevant conduct to his federal offense. The defendant has finished serving his state sentences and entered the Bureau of Prisons on May 16, 2016.

The defendant alleges that he had already served 19 months in state custody for the state offenses at the time of his federal sentencing and he requests the court to now reduce his federal sentence by that amount. He alleges that the Bureau of Prisons has declined to count the 19 months previously served since they were credited to his state sentences. He relies on U.S. Sentencing Guideline Manual ("USSG") § 5G1.3(b), which requires a sentencing adjustment where a defendant will not be credited by the Bureau of Prisons for

time already spent in custody for an undercharged term of imprisonment resulting from relevant conduct. He points to a case, *United States v. Dean*, No. 3:95-cr-00031-MOC, 2015 WL 5457847, 2015 U.S. Dist. LEXIS 123689 (W.D.N.C. Sept. 16, 2015), where the court allowed consideration of previously served state prison time under USSG § 5G1.3(c) while imposing a new sentence under Amendment 782 of the U.S. Sentencing Guidelines.

Unfortunately, the defendant is not entitled to Amendment 782 relief since he received a mandatory drug sentence and thus the rational applied by the court in the *Dean* case is not available to him. This court cannot now revise his sentence to give him credit for the time requested, even in spite of USSG § 5G1.3(c). The misapplication of the sentencing guidelines does not normally amount to a miscarriage of justice that can be remedied on collateral review, years after the original sentence. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

For these reasons, the Motion for Reconsideration (ECF No. 3395) is DENIED.

It is so **ORDERED**.

                                        ENTER: August 23, 2016

                                        /s/ James P. Jones
                                        United States District Judge