```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF VIRGINIA
              ABINGDON DIVISION
```

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | Case No. 1:08CR00024-020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SEAN PHILLIP STATZER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Sean Phillip Statzer, Pro Se Movant.*

The defendant, previously sentenced by this court, has filed a pro se motion entitled "Motion for a Judicial Recommendation Concerning Direct Placement on Home Confinement." The defendant was sentenced by judgment entered February 27, 2009, to 120 months of imprisonment, a statutory mandatory minimum sentence for his conviction for conspiring to distribute crack cocaine. The court directed that his term of imprisonment run concurrently with terms of imprisonment previously imposed in Sullivan County, Tennessee, and the City of Bristol, Virginia, for convictions that involved relevant conduct to his federal offense. The defendant has finished serving his state sentences and began his federal sentence on April 25, 2016.

The defendant alleges that because he entered the Bureau of Prisons ("BOP") only twelve months prior to his projected release date, he has suffered disadvantages with respect to the re-entry process. First, the defendant claims that he was unable to participate in the residential drug treatment program and was therefore, "ineligible for the time-credit and halfway house priveleges [sic] that would have been awarded him had he been able to complete the program." (Mot. 1, ECF No. 3412.) Second, the defendant claims that due to his "late arrival in the BOP," his "Unit Team was not able to refer him for halfway house placement 18 months before his projected release date as is policy," and therefore, "the tardiness of the submission . . . coupled with overcrowding . . . have caused adverse consequences" to the defendant. (*Id*. at 1-2.) Finally, the defendant contends that while a recommendation from this court would not be binding on the BOP, he believes that it could be influential and ultimately beneficial to his re-entry into society. He points to a case, *United States v. Screven*, No. 2:14-cr-00126(4), 2016 U.S. Dist. LEXIS 105534 (S.D. Ohio, Aug. 10, 2016), where the court recommended that the BOP place an inmate in an appropriate residential re-entry center or halfway house for the maximum time for which the inmate was eligible.

While I commend the defendant for his efforts to become a productive citizen upon his release from incarceration, this court is without authority to grant the defendant's motion. A district court's authority to amend a defendant's

sentence is limited. A district court "may not modify a term of imprisonment once it has been imposed" unless the BOP moves for a reduction, the Sentencing Commission amends the applicable guideline range, or Rule 35 of the Federal Rules of Criminal Procedure or another statute expressly permits the court to do so. 18 U.S.C. § 3582(c); *see also United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). None of these circumstances are present in the instant case.

Further, I decline to recommend that the BOP amend the manner in which the defendant serves his sentence. In the first place, the BOP has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b); *see also United States v. Swisher*, No. 3:11-CR-67 (Bailey), 2013 U.S. Dist. LEXIS 40190, at *1 (N.D. W. Va. Mar. 22, 2013). While the Second Chance Act expands the BOP's authority to place prisoners in a halfway house, it does not vest that authority in this court. 18 U.S.C. § 3624(c)(1); *see also United States v. Squire*, No. 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). The BOP has sole discretion in deciding whether to place a prisoner in a halfway house, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3rd Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to a [halfway house] does not mean that it must").

Case 1:08-cr-00024-JPJ-PMS   Document 3431   Filed 10/13/16   Page 3 of 4   Pageid#: 20723

Moreover, while nothing prevents this court from making a recommendation, I believe that the BOP is in the best position to determine the proper placement of the defendant.

Accordingly, it is hereby **ORDERED** that the defendant's motion (ECF No. 3412) is DENIED.

ENTER: October 13, 2016

/s/ James P. Jones
United States District Judge

-4-

Case 1:08-cr-00024-JPJ-PMS   Document 3431   Filed 10/13/16   Page 4 of 4   Pageid#: 20724